IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADAM MICHAEL HORSTMAN,

   Plaintiff,

v.

CITY OF HILLSBORO, DAVID BONN,
JORDAN SCHREINER, JIM DERRICKSON,
BRIAN WILBER, JESUS RIOS, KELLEY
BERTRAND, and TED SCHRADER,

   Defendants.

3:15-cv-00203-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

  Plaintiff Adam Horstman initiated this § 1983 action against Defendants, alleging violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Now before the court is third party Christle Horstman's Motion to Quash Subpoenas (#27) ("Motion to Quash"). For the reasons provided below, Horstman's Motion to Quash is granted.

## BACKGROUND

  In the summer of 2014, four pharmacies in Hillsboro, Oregon were robbed of large amounts of prescription opiates. One of those pharmacies was Rite Aid. Plaintiff David Horstman subsequently went to that Rite Aid to fill a prescription. After Plaintiff left the store, the manager called the police and reported that Plaintiff looked like the person who had previously robbed the pharmacy. Upon questioning by police, the pharmacy attendant and another employee expressed their belief that Plaintiff was the robber.

OPINION AND ORDER PAGE—1

Defendants began investigating Plaintiff and eventually determined that they had probable cause to arrest him for the robberies. Defendants based their probable cause determination, in part, on reports of drug use in Plaintiff's home. The reported drug use included reports of prescription opiate abuse by Plaintiff's wife—Christle Horstman.[1] Defendants arrested Plaintiff for the robberies, and he was jailed for several days. Defendants subsequently determined that Plaintiff was not responsible for the robberies, and all charges against him were dismissed. Plaintiff then filed this suit.

One of the primary issues in this case is whether Defendants had probable cause to arrest Plaintiff. In a purported effort to inform that issue, Defendants served subpoenas on Bi-Mart Pharmacy in Forest Grove, Oregon and Rite Aid Pharmacy in Hillsboro, Oregon. Both subpoenas seek Horstman's prescription records for Oxycodone, OxyContin, Hydrocodone, and Ambien. Horstman now moves the court to quash those subpoenas.

## LEGAL STANDARDS

Federal Rules of Civil Procedure 26 and 45 govern discovery by subpoena. Rule 26(b) sets forth the permissible scope of discovery. That rule provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[1] For the purpose of brevity, I hereinafter refer to David Horstman as "Plaintiff" and Christle Horstman as "Horstman."

OPINION AND ORDER PAGE—2

*Id.* The Rule further provides: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Id.* (c)(1).

Rule 45(a)(1)(C) permits a party to serve a subpoena commanding a nonparty to produce documents that are within the scope of discovery. However, upon a timely motion, the court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter." *Id.* (d)(3)(A)(iii). "On a Rule 45 motion to quash a subpoena, the moving party has the burden of persuasion, but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Pers. Audio LLC v. Togi Entm't, Inc.*, No. 14-MC-80025 RS (NC), 2014 WL 1318921, at *2 (N.D. Cal. Mar. 31, 2014) (citation omitted).

## DISCUSSION

### I. The Parties' Arguments

Horstman moves the court to quash the subpoenas because they seek information that is not relevant to this suit. Horstman argues that her prescription records have no bearing on whether Defendants had probable cause to arrest Plaintiff. Horstman further argues that the records are protected information not subject to discovery. Finally, Horstman argues that the subpoenas impose an undue burden on her.

In response, Defendants argue that Horstman's prescription records are relevant to the extent they corroborate the arresting officers' belief that they had probable cause to arrest Plaintiff. Defendants further argue that the records are relevant for impeachment purposes. Defendants also contend that Horstman's privacy interest in her prescription records is outweighed by Defendants' interest in discovery.

## II. Analysis

I find that Horstman's prescription records are not discoverable.[2] Horstman enjoys a "constitutionally protected privacy interest in avoiding disclosure of personal matters." *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998); *accord Planned Parenthood of S. Arizona v. Lawall*, 307 F.3d 783, 789 (9th Cir. 2002) (citing *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977)); *but see Seaton v. Mayberg*, 610 F.3d 530, 536 (9th Cir. 2010) (calling into question the constitutional basis of the right to privacy in sensitive information). That privacy interest "clearly encompasses medical information and its confidentiality." *Norman-Bloodsaw*, 135 F.3d at 1269. District courts within this circuit recognize that the privacy interest in medical information can be raised in response to discovery requests. *See, e.g., Lind v. United States*, No. CIV 13-032-TUC-CKJ, 2014 WL 2930486, at *2 (D. Ariz. June 30, 2014); *Allen v. Woodford*, No. CVF051104OWWLJO, 2007 WL 309485, at *6 (E.D. Cal. Jan. 30, 2007). I agree with the reasoning of those courts and further hold that prescription records may qualify as "other protected matters" under Federal Rule of Civil Procedure 45(d)(3)(A)(iii). *See also* 45 C.F.R. § 160.103 (defining "protected health information").

However, the privacy interest in prescription records does not present an absolute bar to discovery. *See Norman-Bloodsaw*, 135 F.3d at 1269-70; *Planned Parenthood of S. Arizona*, 307 F.3d at 789-90. Rather, the court must balance the value of the requested information to the issues in the case against the asserted privacy interest. *See, e.g., Lind*, 2014 WL 2930486, at *2; *Allen*, 2007 WL 309485, at *6; *Sedaghatpour v. California*, No. C 07-1802 WHA (MEJ), 2007 WL 4259214, at *1 (N.D. Cal. Dec. 3, 2007); *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 634

---

[2] Horstman has standing to challenge subpoenas that seek her prescription records. *See, e.g., Meyer v. Receivables Performance Mgmt., LLC*, No. C12-2013RAJ, 2014 WL 1976664, at *3 (W.D. Wash. May 14, 2014) (citing *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 695 (D.Nev.1995)).

OPINION AND ORDER PAGE—4

(S.D. Cal.), *modified sub nom.*, *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 605 (C.D. Cal. 1995). This balancing approach is consistent with Federal Rule of Civil Procedure 26(b)(1).

Defendants argue that Horstman's prescription records are relevant to whether they had probable cause to arrest Plaintiff. I disagree. The existence of probable cause turns on whether—at the moment of arrest—the officers knew of facts and circumstances that would lead a reasonably prudent person to believe Plaintiff had committed an offense. *See, e.g., Edgerly v. City & Cty. of San Francisco*, 599 F.3d 946, 953 (9th Cir. 2010) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Thus, facts garnered after the arrest are irrelevant to whether the arrest was justified by probable cause. *See id.* Defendants contend their probable cause determination was based, in part, on their belief that Horstman was an opiate abuser. However, that belief was not based on Horstman's prescription records. Indeed, it is undisputed that Defendants did not possess those records at the time they arrested Plaintiff. *See* Defs' Resp. 3 (#30); Edenhofer Decl. Ex. 1, at 4 (#31-1); Merrithew Decl. ¶ 5 (#28). Thus, Horstman's prescription records are not relevant whether Defendants had probable cause to arrest Plaintiff. *See Edgerly*, 599 F.3d at 953 (quoting *Beck*, 379 U.S. at 91).

Defendants additionally contend that Horstman's prescription records are relevant for impeachment because Plaintiff or Horstman may question the accuracy of the officers' belief that Horstman was an opiate abuser. While I agree with Defendants that Horstman's prescription records may have some impeachment value, I find that value to be speculative and limited. The accuracy of the officers' belief that Horstman was an opiate abuser is not determinative of whether the officers had probable cause to arrest Plaintiff. The key inquiry is whether the officers' belief was *reasonable* at the time of the arrest, not whether it was accurate. *See, e.g.,*

OPINION AND ORDER PAGE—5

*Anderson v. Creighton*, 483 U.S. 635, 661 (1987) ("The concept of probable cause leaves room for mistakes, provided always that they are mistakes that could have been made by a reasonable officer."); *Edgerly*, 599 F.3d at 953.

Moreover, Defendants have not established that the requested prescription records will indicate that Horstman was an opiate abuser. *See Pers. Audio*, 2014 WL 1318921, at *2 ("[T]he party issuing the subpoena must demonstrate that the discovery sought is relevant." (citation omitted)). Rather, Defendants merely speculate that they *may* have to impeach Plaintiff and Horstman, and if they do, that Horstman's prescription records *may* provide impeachment material. I am reluctant to order disclosure of Horstman's private medical information for the sole purpose of permitting Defendants to "explore whether [their] speculation is true." *Lind*, 2014 WL 2930486, at *4 (citation omitted).

However, I assume, *arguendo*, that Defendants have carried their burden of establishing that Horstman's prescription records are relevant for impeachment purposes. Even operating under that assumption, however, I cannot find that the Defendants' limited interest in obtaining the records outweighs Horstman's privacy interest in her sensitive medical information. *See, e.g., Norman-Bloodsaw*, 135 F.3d at 1269; *Fritsch*, 187 F.R.D. at 634, *modified sub nom.*, 196 F.R.D. 562. Defendants already have information that could presumably be used to impeach any challenge to the accuracy of their belief that Horstman was an opiate abuser. After all, Defendants did not have Horstman's prescription records at the time they formed that belief. Rather, Defendants formed the belief entirely on other information. Defendants contend that the other information was sufficient, in part, to justify the arrest and imprisonment of Plaintiff, and I therefore find that it is sufficient for impeachment purposes as well.

In sum, I find that the Horstman's constitutionally protected privacy interest in her prescriptions records outweighs the value of those records to the issues in this case. Horstman's Motion to Quash is therefore granted.

## CONCLUSION

For the reasons provided above, Horstman's Motion (#27) is GRANTED.

Dated this 14th day of January, 2016.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

OPINION AND ORDER PAGE—7