IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADAM MICHAEL HORSTMAN,　　　　　　　　3:15-CV-00203-PK

　　　　Plaintiff,　　　　　　　　　　　　ORDER

v.

CITY OF HILLSBORO, a municipal
corporation; DAVID BONN; BRIAN
WILBER; and TED SCHRADER,

　　　　Defendants.

BROWN, Judge.

　　　Magistrate Judge Paul Papak issued Findings and Recommendation (F&R) (#72) on August 17, 2016, in which he recommends the Court grant Plaintiff' Motion (#46) for Partial Summary Judgment, grant in part and deny in part Defendants' Motion (#50) for Summary Judgment, and deny as moot Defendants' Motion to Strike included in Defendants' Response (#67). Defendants filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

　　　When any party objects to any portion of the Magistrate

1 - ORDER

Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

## FACTUAL BACKGROUND

The Magistrate Judge made the following factual findings:

Between May 18, 2014, and June 30, 2014, four pharmacies at three different Albertsons stores and one Rite Aid store in the Hillsboro area were robbed. The robber stole significant amounts of opiate pain medications. Hillsboro police, including the named individual Defendants Detective David Bonn, Detective Brian Wilber, and Sergeant Ted Schrader, investigated these robberies, viewed surveillance videos, and took statements from witnesses. The last robbery occurred at 8:30 p.m., June 30, 2014, at an Albertsons Pharmacy. The robber left a demand note used in this robbery, which was taken into evidence by police during the investigation. Witnesses at each robbery generally described the suspect as a white adult male; approximately 5 foot 11 inches tall; 200-210 pounds; with a beard, variously described as "dark," "full, brownish-red," and "neatly manicured."

At 10:47 p.m., on June 30, 2014, Plaintiff went to the Rite Aid Pharmacy to fill a prescription for pain medication following

2 - ORDER

his treatment at the emergency room. Unbeknownst to him, the Rite Aid Pharmacy had been robbed six weeks earlier on May 18, 2014. Plaintiff had the prescription filled and left the store without incident. Several minutes after Plaintiff left the store, the assistant store manager called police to report that a person who was just there "looked a lot like" the person who had robbed the pharmacy on May 18, 2014. A police officer (not one of Defendants) arrived at the Rite Aid Pharmacy to investigate the call. The officer took statements from two employees, Jovencio Domingo and Brandee Mears. Domingo was the pharmacist who was involved in the May 18, 2014, robbery and who also filled Plaintiff's prescription on June 30, 2014. Domingo stated he was "approximately 90 percent sure" that Plaintiff was the person who robbed the pharmacy on May 18, 2014, and Mears stated she was "80 percent sure" that Plaintiff was the robber. The officer obtained surveillance video and a copy of Plaintiff's prescription information that included his name.

On July 1, 2014, another police officer returned to the Rite Aid Pharmacy with a photo array that included a DMV photo of Plaintiff. Neither Domingo nor Mears conclusively identified Plaintiff as the robber from the photo array.

On July 2, 2014, Det. Wilber and Det. Bonn contacted Ryan Cleven and Sherri Plasker, the witnesses who had been involved in the robbery on June 30, 2014, at the Albertsons Pharmacy, and

showed them a photo array that included Plaintiff's photo. Neither Cleven nor Plasker was able to conclusively identify Plaintiff or any other suspect, although Plasker noted Plaintiff's photo looked like the robber. During a second showing of the photos to Plasker, Det. Wilber and Det. Bonn reminded Plasker that she had suggested Plaintiff was the culprit. Plasker then formally identified Horstman as the robber with "70 percent" certainty.

On July 4, 2014, Hillsboro police officers, including Seg. Schrader, went to Plaintiff's home without a warrant and placed him under arrest. Plaintiff voluntarily consented to a search of his home, but the search did not reveal evidence of any robberies or drug trafficking. Plaintiff was interrogated for several hours, first at his home and then at the Hillsboro police station. Plaintiff maintained his innocence throughout the interrogation.

Following Plaintiff's interrogation, Det. Bonn drafted a probable cause affidavit and presented it to the prosecuting attorney. Plaintiff was formally charged and booked into the Washington County Jail where he remained until July 9, 2014. On that date the state dismissed the charges against Plaintiff after police identified and arrested the actual perpetrator based on the fingerprint from the robbery demand note.

**DISCUSSION**

Plaintiff alleges four claims against the Defendants: (1) false arrest in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution; (2) malicious prosecution in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution; (3) false arrest under Oregon state law; and (4) malicious prosecution under Oregon state law. Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983 and his state-law claims pursuant to Oregon Revised Statute § 30.265. Plaintiff asserts his false-arrest claims (First and Third Claims) against all Defendants and his malicious-prosecution claims (Second and Third Claims) against only Defendants Bonn and City of Hillsboro. Plaintiff moves for partial summary judgment against the individual Defendants as to the federal and state claims for false arrest. Defendants move for summary judgment as to each claim asserted against them.

The Magistrate Judge found: (1) Defendants lacked probable cause to arrest Plaintiff; (2) the individual Defendants in this case are not entitled to qualified immunity in light of the fact that under the Fourth Amendment Plaintiff can be arrested only if probable cause exists, and a reasonable officer would not have believed probable cause existed under these circumstances; (3) Plaintiff has not offered sufficient evidence to support a

*Monell* claim against the City of Hillsboro; (4) the availability of a state-court remedy does not bar Plaintiff's federal malicious-prosecution claim; (5) the presumption of prosecutorial independence does not entitle Bonn or the City to summary judgment on Plaintiff's state and federal malicious-prosecution claims in this case because Defendant Bonn's conduct compromised the prosecutor's independent judgment; (6) a genuine dispute of material fact exists as to whether Defendants acted with malice, which would preclude summary judgment as to Bonn and the City on Plaintiff's state and federal malicious-prosecution claims; (7) the Oregon Tort Claims Act, Oregon Revised Statute § 30.265(1), does not entitle the individual Defendants to summary judgment on Plaintiff's state-law claims; and (8) Defendants' Motion to Strike should be denied as moot.[1]

Defendants assert the following objections to the Magistrate Judge's Findings and Recommendation:

1. Plaintiff is not entitled to summary judgment on his federal and state false-arrest claims against the individual Defendants because the record reflects Defendants had probable cause to arrest Plaintiff;

2. All Defendants are entitled to summary judgment on Plaintiff's federal and state false-arrest claims because

---

[1] Defendants did not object to the Magistrate Judge's recommendation to deny as moot their Motion to Strike.

6 - ORDER

the record reflects Defendants had probable cause to arrest Plaintiff;

3. The individual Defendants are entitled to summary judgment on Plaintiff's federal and state malicious-prosecution claims because the record reflects the deputy district attorney exercised independent judgment in choosing to charge Plaintiff; and

4. The individual Defendants are entitled to qualified immunity because their allegedly unlawful actions did not violate any clearly-established constitutional right.

In their Objections Defendants merely reiterate the arguments they made in their initial Motion for Summary Judgment rather than raising any new issues.

## I.  **Probable Cause**

Defendants contend there is evidence in the record to support a finding of probable cause. Thus, Defendants contend the Magistrate Judge erred in his conclusion that "none of the facts Defendants relied on in determining that Horstman was responsible for the pharmacy robberies, whether considered individually or together, provided probable cause for his arrest." F&R 23-24.

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense

has been or is being committed by the person being arrested." *United States v. Lopez,* 482 F.3d 1067, 1072 (9th Cir. 2007). The probable-cause inquiry takes into consideration the totality of the circumstances existing at the time of the arrest. *Id.* See also *United States v. Ortiz-Hernandez*, 427 F.3d 567, 574 (9th Cir. 2005). Consequently, arresting officers may not disregard exculpatory facts when determining whether probable cause exists. *Yousefian v. City of Glendale,* 779 F.3d 1010, 1014 (9th Cir. 2015)("Certainly, an officer may not ignore exculpatory evidence that would 'negate a finding of probable cause.'")(quoting *Braam v. Bogan,* 320 F.3d 1023, 1032 (9th Cir.2003)).

Although conclusive evidence of guilt is not required, "[m]ere suspicion, common rumor, or even strong reason to suspect are not enough." *McKenzie v. Lamb,* 738 F.2d 1005, 1008 (9th Cir. 1984)(citing *Henry v. United States,* 361 U.S. 98, 101 (1959)). When the facts underlying the arresting officers' probable-cause determination are undisputed, whether probable cause existed for an arrest is "an essentially legal question" that should be determined by the district court at the earliest possible point in § 1983 false-arrest litigation. *Peng v. Mei Chin Penghu,* 335 F.3d 970, 979 (9th Cir. 2003).

The Magistrate Judge set out in detail the undisputed facts surrounding this incident and found, based on "the totality of the facts," that a reasonable person could not conclude Plaintiff

8 - ORDER

had committed the robbery, and, therefore, Defendants lacked probable cause to arrest Plaintiff.

As noted, witnesses did not conclusively identify Plaintiff in the photo arrays presented to them; for example, Cleven and Domingo were unable to identify any suspect from the eight photos in the array, and Mears was only able to say that two of the individuals in the photos might have been the robber. In addition, although Det. Bonn and Det. Wilber showed Plasker the photo array twice, Plasker did not conclusively identify Plaintiff during the first showing and only stated Plaintiff's photo "really looks like" the robber. It was only after Det. Bonn and Det. Wilber removed two of the photos from the array, showed Plasker the remaining six photos again, and reminded Plasker during the second presentation that she had previously said Plaintiff's photo looked similar to the robber that Plasker then identified the photo of Plaintiff. Even then Plasker qualified the identification as having only "70-percent" certainty.

The Magistrate Judge found, and this Court agrees, Det. Bonn and Det. Wilber used an impermissibly suggestive photo identification procedure with Plasker. As a result, her identification was not sufficiently reliable based on, among other things, her opportunity to view the suspect at the time of the crime, the degree of her attention at the time of the

9 - ORDER

robbery, her accuracy of prior descriptions of the suspect, and her level of certainty at the time of the incident. *See Grant v. City of Long Beach*, 315 F.3d 1081, 1087 (9th Cir. 2002). Accordingly, Plasker's identification does not support a probable-cause finding.

In *Grant* the Ninth Circuit held "[u]nder the law of this Circuit, mere resemblance to a general description of a suspect is not enough to establish probable cause." *Id.* at 1088. Accordingly, the *Grant* court found the plaintiff's resemblance to a general physical description did not provide the officers with probable cause to arrest him.

Here the Magistrate Judge noted the witnesses also provided merely generic descriptions of the robber as to his height, weight, facial hair, and clothing. Because of such generic descriptions combined with the witnesses' equivocal identifications of Plaintiff in the photo arrays, the officers' failure to investigate the validity of Plaintiff's prescription and the possible alibi it may have provided him, and the officers' failure to identify earlier the fingerprint on the pharmacy robbery demand note, the Magistrate Judge concluded the officers did not have probable cause to arrest Plaintiff.

Although the Court agrees with the Magistrate Judge that it is a close call as to whether Plaintiff has established the lack of probable cause as a matter of undisputed fact and law, the

10 - ORDER

Court, after reviewing the record *de novo,* adopts the Magistrate Judge's findings and recommendation that the identifications by the witnesses were inadequate and sufficiently unreliable to support probable cause to support Plaintiff's arrest as a matter of law.

## II. Prosecutorial Independence

Defendants also contend they are entitled to summary judgment on the federal and state malicious-prosecution claims because Plaintiff has failed to rebut the presumption of independent judgment by the state prosecutor when he determined there was probable cause to arrest Plaintiff and decided to file criminal charges against Plaintiff.

The decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor and, thus, precludes any liability of those who participated in the investigation or filed a report that resulted in the initiation of proceedings. *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1067 (9th Cir. 2004). That presumption, however, does not bar a § 1983 malicious-prosecution claim against an official who improperly exerted pressure on the prosecutor, knowingly provided misinformation, concealed exculpatory evidence, or otherwise engaged in wrongful or bad-faith conduct that was instrumental in causing the initiation of legal proceedings against an individual. *Id.*

11 - ORDER

The Magistrate Judge found Plaintiff presented sufficient evidence to permit a reasonable trier of fact to infer that Defendant Bonn's conduct compromised the prosecutor's independent judgment. After reviewing the record *de novo*, the Court adopts the Magistrate Judge's findings and recommendation and concludes a genuine dispute of material fact exists that precludes summary judgment as to this issue.

### III. Qualified Immunity

The individual Defendants next contend they are entitled to qualified immunity because their actions did not violate any clearly-established constitutional right of the Plaintiff.

"Public officials are immune from suit under 42 U.S.C. § 1983 unless they have 'violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.'" *City & Cty. of San Francisco. v. Sheehan,* 135 S. Ct. 1765, 1774 (2015)(citation omitted).

When a police officer asserts qualified immunity, the court must apply a two-part analysis. *Grant v. City of Long Beach,* 315 F. 3d 1081, 1089 (9th Cir. 2002)(citing *Saucier v. Katz,* 533 U.S. 194 (2001)). "The first question is whether the facts, when taken in the light most favorable to [plaintiff], show that the officers' conduct violates a constitutional right. . . . The second question is whether the constitutional right at issue is 'clearly established.'" *Grant,* 315 F.3d at 1089.

12 - ORDER

"The linchpin of qualified immunity is the reasonableness of the official's conduct." *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1075 (9th Cir. 2011)(citing *Pearson v. Creighton*, 483 U.S. 635, 638-39 (1987). The *Rosenbaum* court, elaborating on the qualified immunity analysis as it applies to unlawful arrest, summarized the two prongs as follows: "(1) whether there was probable cause for the arrest; and (2) whether it is reasonably arguable that there was probable cause for arrest--that is, whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity." *Rosenbaum*, 663 F.3d at 1076 (citing *Jenkins v. City of New York,* 478 F.3d 76, 87 (2d Cir. 2007))(noting an officer will not be entitled to qualified immunity "if officers of reasonable competence would have to agree that the information possessed by the officer at the time of arrest did not add up to probable cause."))

The Magistrate Judge found the individual Defendants were not entitled to qualified immunity on the grounds that they violated Plaintiff's Fourth Amendment right by arresting him without probable cause, and a reasonable officer would not have believed there was probable cause to arrest Plaintiff under the totality of these circumstances.

Again the Court agrees with the Magistrate Judge that it is a close call as to whether the officers are entitled to qualified

13 - ORDER

immunity under these specific circumstances. After reviewing the record *de novo,* however, the Court adopts the Magistrate Judge's findings and recommendation and, accordingly, concludes the individual Defendants are not entitled to qualified immunity as a matter of law.

In summary, this Court has carefully considered Defendants' Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#72) and, therefore, **GRANTS** Plaintiff' Motion (#46) for Partial Summary Judgment against Defendants Wilber, Bonn, and Schrader only on Plaintiff's First and Third Claims for false arrest under federal and state law; **GRANTS in part** Defendants' Motion (#50) for Summary Judgment as to Defendant City of Hillsboro only on Plaintiff's federal and state claims for false arrest (First and Third Claims) and malicious prosecution (Second and Fourth Claims), but otherwise **DENIES** the remainder of Defendants' Motion; and **DENIES as moot** Defendants' Motion to Strike included in Defendants' Response (#67).

The Court returns this matter to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

DATED this 4th day of November, 2016.

 _____
 ANNA J. BROWN
 United States District Judge