IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADAM MICHAEL HORSTMAN,

    Plaintiff,

v.

CITY OF HILLSBORO, a municipal corporation; DAVID BONN; BRIAN WILBER; and TED SCHRADER,

    Defendants.

3:15-cv-00203-PK

ORDER

**BROWN, Senior Judge.**

Magistrate Judge Paul Papak issued Findings and Recommendation (F&R) (#97) on July 10, 2018, in which he concludes the Ninth Circuit Court of Appeal's decision (Memorandum Opinion) issued April 11, 2018, grants qualified immunity to the Defendants David Bonn, Brian Wilber, and Ted Schrader (Individual Defendants) as to Plaintiff Adam Michael Horstman's federal claims for false arrest and malicious prosecution. As to Plaintiff's remaining state-law claims for false arrest and malicious prosecution, the Magistrate Judge

1 - ORDER

recommends this Court decline to exercise supplemental jurisdiction and dismiss this case without prejudice to Plaintiff refiling the state claims in state court. Plaintiff filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017).

**BACKGROUND**

Plaintiff alleges four claims in his First Amended Complaint (FAC)(#45): false arrest and malicious prosecution in violation of federal law (Claims One and Three); and false arrest and malicious prosecution in violation of Oregon state law (Claims Two and Four). Plaintiff asserts his false arrest claims against all Defendants (including Defendant Bonn[1]), and Plaintiff asserts his malicious prosecution claims against only Defendants Bonn and City of Hillsboro.

---

[1] The Magistrate Judge stated and Defendants argued "Bonn was a defendant only in relation to Plaintiff's malicious prosecution claim." F&R at 3; Def.s' Resp. to Obj. (#100) at 4. This statement is incorrect. *See* FAC at 9, ¶ 37.

Plaintiff filed a Motion (#46) for Summary Judgment as to his false arrest claims against the Individual Defendants on the ground there was no probable cause to arrest him. In turn, Defendants filed a Motion (#50) for Summary Judgment against all of Plaintiff's claims seeking judgment on the ground that there was probable cause to arrest Plaintiff as a matter of law. Defendants Bonn and City of Hillsboro also challenged Plaintiff's malicious-prosecution claims on the ground that Plaintiff failed to rebut the presumption of independent judgment by the state prosecutor who separately determined there was probable cause to arrest and charge Plaintiff.

As to these Motions, the Magistrate Judge concluded the Individual Defendants lacked probable cause to arrest Plaintiff and were not entitled to qualified immunity on any claim asserted by Plaintiff. As a result, the Magistrate Judge recommended this Court grant Plaintiff's Motion for Summary Judgment and deny the Individual Defendant's Motion for Summary Judgment. In addition, the Magistrate Judge recommended this Court conclude the City of Hillsboro was entitled to judgment on all of Plaintiff's claims on the ground that Plaintiff did not offer sufficient evidence to support a *Monell* claim, and, therefore, the Magistrate Judge also recommended this Court grant Defendant's Motion as to the City only and dismiss the claims asserted against the City. This Court adopted the Magistrate Judge's Findings and Recommendation

in their entirety and dismissed only the claims against Defendant City of Hillsboro.

The Individual Defendants appealed the denial of their Motion for Summary Judgment and asserted this Court erred in denying them qualified immunity on all of Plaintiff's claims.[2]

The Ninth Circuit reversed this Court's decision on the ground that the Individual Defendants were entitled to qualified immunity, and the Ninth Circuit remanded the case for further proceedings in this Court. As noted, the Magistrate Judge now recommends the federal claims against the Individual Defendants be dismissed with prejudice on the basis of qualified immunity and that the Court decline to exercise supplemental jurisdiction over the remaining state claims.

**DISCUSSION**

Plaintiff contends the Ninth Circuit's ruling did not address qualified immunity on the malicious prosecution claim, and, even if all federal claims are dismissed, Plaintiff argues the Court should retain jurisdiction over Plaintiff's state-law claims.

I.   **Ninth Circuit Ruling**

The Ninth Circuit stated: "Even assuming that the

---

[2] Plaintiff did not appeal the dismissal of his claims against Defendant City of Hillsboro.

4 - ORDER

Individual Defendants lacked probable cause to arrest Horstman, the district court erred in concluding that they violated a clearly established constitutional right." Memorandum Opinion at 3. The Ninth Circuit concluded: "[W]e cannot conclude that the Individual Defendants violated a clearly established constitutional right. The district court erred in denying qualified immunity to the Individual Defendants. Defendant Bonn did not waive his qualified immunity argument as to the malicious prosecution claim." Memorandum Opinion at 4.

On this record the Court concludes the Ninth Circuit's qualified immunity ruling applies to all federal claims asserted by Plaintiff against the Individual Defendants, including the federal malicious prosecution claim against Bonn. Accordingly, this Court adopts the Magistrate Judge's recommendation that all federal claims be dismissed with prejudice.

## II. Supplemental Jurisdiction

Plaintiff also contends the Court should exercise its discretion to retain supplemental jurisdiction over Plaintiff's remaining state-law claims.

28 U.S.C. § 1637(c) provides the Court may decline to exercise discretion to retain supplemental jurisdiction when the court has dismissed all claims over which it had original jurisdiction. The Magistrate Judge cited the appropriate standard and recommends this Court decline to exercise

5 - ORDER

supplemental jurisdiction. The Magistrate Judge notes that even though this matter has been "pending" in federal court for three years, much of that time (more than a year) has been consumed with motion practice and appellate review of the qualified-immunity issues, and, in any event, the parties have not engaged in merits discovery and the matter is not even set for trial in this Court.

This Court also emphasizes that Ninth Circuit precedent directs that district courts "generally should decline to exercise supplemental jurisdiction over state-law claims after the federal claims have been dismissed before trial." *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985). *See also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#97) and, therefore, **DISMISSES with prejudice** all of Plaintiff's federal claims against all Defendants. In the exercise of its discretion, the Court **DECLINES** to exercise

supplemental jurisdiction over Plaintiff's remaining state-law claims and **DISMISSES** this matter **without prejudice** to Plaintiff's right to assert such state-law claims in the appropriate state court.

IT IS SO ORDERED.

DATED this 10th day of August, 2018.

_____
ANNA J. BROWN
United States Senior District Judge